Christopher G. Winter, OSB No. 984355
(503) 525 - 2725
chris@crag.org
Crag Law Center
917 SW Oak, Suite 417
Portland, OR 97205

Miles B. Johnson, OSB No. 125773
(541) 490 - 0487
miles@columbiariverkeeper.org
Lauren Goldberg, OSB No. 085678
(541) 965 - 0985
lauren@columbiariverkeeper.org
Columbia Riverkeeper
111 Third St.
Hood River, OR 97031

*Attorneys for Plaintiff Columbia Riverkeeper*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA RIVERKEEPER**, a non-profit Washington corporation,<br>    Plaintiff,<br><br>v.<br><br>**U.S. ARMY CORPS OF ENGINEERS**, a United States agency,<br>    Defendant. | Civil No. 3:13−cv−01494−PK<br><br>COLUMBIA RIVERKEEPER'S PETITION FOR ATTORNEYS' FEES AND LITIGATION COSTS AND SUPPORTING MEMORANDUM<br>(5 U.S.C. § 552(a)(4)(E)) |

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E), and Local Rule 54-1, plaintiff Columbia Riverkeeper ("Riverkeeper") hereby petitions the Court for an award of $120,414.50 in attorneys' fee and $6,097.04 in litigation costs.  As required by Local Rule 7-1(a), Riverkeeper certifies that it made good faith efforts to confer with defendant U.S. Army Corps of Engineers ("Corps") in writing, and the parties have been unable to resolve the dispute.  The Corps has not disputed that Riverkeeper is eligible for and entitled to fees, but has disputed the fee amount.  This petition is supported by the declarations of Riverkeeper's counsel Christopher G. Winter and Miles B. Johnson, and expert declarants David H. Becker, R. Scott Jerger, and Peter M. Lacy, as well as the following memorandum of law.

## MEMORANDUM OF LAW

On August 14, 2014, this Court granted Riverkeeper's motion for summary judgment and denied the Corps' motion for summary judgment with respect to all but one of the documents in dispute.  *Columbia Riverkeeper v. U.S. Army Corps of Eng'rs*, No. 3:13-CV-1494-PK, 2014 U.S. Dist. LEXIS 112778, at *31–32 (D. Or. Aug. 14, 2014).  The ultimately Corps disclosed all of the documents identified in the Court's order.  (Declaration of Miles Johnson in Support of Riverkeeper's Fee Petition (Johnson Decl.), ¶12.)  Having prevailed in the litigation and obtained the disputed documents, Riverkeeper petitions for an award of attorneys' fees and costs as authorized by FOIA.

**I.        Riverkeeper is eligible for and entitled to an award of attorneys' fees and costs.**

To obtain attorneys' fees and costs under FOIA, a plaintiff must demonstrate eligibility for, and entitlement to, such an award.  *See* 5 U.S.C. § 552(a)(4)(E)(i); *Long v. IRS*, 932 F.2d 1309, 1313 (9th Cir. 1991).  Pursuant to the Court's orders, the Corps provided Riverkeeper with important information about the Morrow Pacific coal export project that Riverkeeper had sought

in its original FOIA request.  *See Columbia Riverkeeper*, 2014 U.S. Dist. LEXIS 112778, at *31–32; *see also* Court's Order Enforcing the Judgment (Doc. 58); *see also* Johnson Decl., ¶12.  Riverkeeper therefore "substantially prevailed" by obtaining relief through a judicial order, 5 U.S.C. § 552(a)(4)(E)(ii)(I), and is eligible for attorneys' fees and costs.  *Long*, 932 F.2d at 1313.

Riverkeeper also satisfies *Long's* four-part test for entitlement to fees: (1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding had a reasonable basis in law.  *Id*.

### A. The public has benefited from Riverkeeper's dissemination and use of the disputed documents.

The 'public benefit' factor takes into account the degree to which information obtained in the suit was disseminated to the public.  *Sierra Club v. U.S. Environmental Protection Agency*, No. 11-cv-00846-MEJ, 2014 U.S. Dist. LEXIS 169752, *27–28 (N.D. Cal. Dec. 8, 2014) (citing *Church of Scientology v. U.S. Postal Serv.*, 700 F.2d 486, 493 (9th Cir. 1983)).  Here, Riverkeeper disseminated the core information obtained through this lawsuit—*i.e.* that the Corps' Portland District decided that the Morrow Pacific project required an Environmental Impact Statement ("EIS")—to Riverkeeper's members and to the general public via Riverkeeper's website, e-newsletter, and the regional and national news media.  (Johnson Decl., ¶14.)  *Cf. Hiken v. Dep't of Defense*, No. C 06-02812 JW, 2012 U.S. Dist. LEXIS 125423, at *10 (N.D. Cal. Aug. 21, 2012) (finding public benefit where the information at issue was requested for use in an article for publication).

### B. The information disclosed by the Corps directly enhances Riverkeeper's interests and creates no commercial benefit for Riverkeeper.

The information released by the Corps directly supports Riverkeeper's mission to protect

the Columbia River and serves no commercial purpose for Riverkeeper. (Johnson Decl., ¶¶12–13.) Riverkeeper "is a non-profit public-interest organization" whose "mission is to restore and protect the Columbia River and the ecosystem it is part of." *Columbia Riverkeeper*, 2014 U.S. Dist. LEXIS 112778, at *2. Riverkeeper made the underlying FOIA request for the sole purpose of understanding and publicizing the Corps' decision not to prepare an EIS for the Morrow Pacific project, and not for any commercial gain. (Johnson Decl., ¶¶12–14.) Accordingly, Riverkeeper satisfies the second and third entitlement factors. *Cf. Sierra Club*, 2014 U.S. Dist. LEXIS 169752, at *33–34 (finding these two factors satisfied where plaintiff was a public-interest environmental organization seeking documents to educate the public, not for commercial purposes such as a lawsuit against a private third party); *see also Church of Scientology*, 700 F.2d at 494.

      **C.**    **The Corps' decision to withhold the disputed documents had no reasonable basis in law.**

The Court ordered the Corps to disclose the disputed documents partly because, after *in camera* review, the Court decided that FOIA exemption 5 did not protect the information that the Corps withheld. *Columbia Riverkeeper*, 2014 U.S. Dist. LEXIS 112778, at *19–31. Further, on summary judgment, the Corps made *no* argument why many of the disputed documents were "pre-decisional." *Id*. at *18–19, *22, *24. Accordingly, the Corps' withholdings had no reasonable basis in law. *Long*, 932 F.2d at 1313.

**II.**    **Riverkeeper requests a reasonable award of attorneys' fees and costs.**

Because Riverkeeper is eligible for and entitled to fees and costs, the Court should award fees for the hours reasonably spent by Riverkeeper's attorneys, at the reasonable rates requested. *Cf. Long*, 932 F.2d at 1313–14 ("once the court has determined that the plaintiff is both eligible for and entitled to recover fees, the award must be given"). The product of reasonable hours and

reasonable rates is the "lodestar figure," and there is a strong presumption that it represents a reasonable award. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).[1] Riverkeeper is also entitled to compensation for time spent securing the fee award. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013).[2]

### A.    The rates requested for Riverkeeper's attorneys are reasonable.

The hourly rates requested for Riverkeeper's counsel are proper because those rates are comparable to rates charged by attorneys of comparable "skill, experience, and reputation" for similar work in this legal community. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). Riverkeeper has submitted the declarations of three respected environmental litigators in the Portland area who have experience representing both private and public-interest clients—David H. Becker, R. Scott Jerger, and Peter M. Lacy. These three attorneys attest that Riverkeeper's requested rates are well within the range of rates billed by, and awarded to, attorneys of comparable expertise litigating similar cases in the Portland legal market. (Declaration of David H. Becker in Support of Riverkeeper's Fee Petition (Becker Decl.), ¶¶21–33; Declaration of Peter M. Lacy in Support of Riverkeeper's Fee Petition (Lacy Decl.), ¶¶17–18; Declaration of R. Scott Jerger in Support of Riverkeeper's Fee Petition (Jerger Decl.), ¶¶15, 18, 21.)

Rates based on specialization in environmental and administrative law are reasonable in this case. In order to obtain "similar work performed by attorneys of comparable skill, experience, and reputation," *see Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008), Riverkeeper would have needed to hire attorneys versed in environmental and

---

[1] In *Jordan v. Multnomah County*, 815 F.2d at 1262, the Ninth Circuit was reviewing an award of attorneys' fees under § 1988 of the Civil Rights Act. The fee shifting provisions of the Civil Rights Act and FOIA are "analogous" and "have much in common." *Poythress v. Kessler*, 475 U.S. 1129, 1129–30 (1986) (J. Burger, dissenting).
[2] With its reply brief, Riverkeeper intends to supplement its time records with information relating to the preparation of this fee petition.

administrative law.  (Declaration of Christopher G. Winter in Support of Riverkeeper's Fee Petition (Winter Decl.), ¶21; Johnson Decl., ¶20; Lacy Decl., ¶¶12–13; Jerger Decl., ¶19.)  A primary issue in this case was whether certain documents were part of a deliberative process: the Corps argued that all documents discussing a future Nation Environmental Policy Act ("NEPA") decision were protected by the deliberative process privilege.  (*See* Corps' Motion for Summary Judgment (Doc. 27), p.10.)  To explain why many of those documents were not actually part of the Corps' decision-making process, Riverkeeper's attorneys had to understand and articulate how the Corps makes decisions under NEPA.  (Winter Decl., ¶21; Johnson Decl., ¶20; *see also, e.g.,* Riverkeeper's Cross Motion for Summary Judgment and Response (Doc. 32), pp.18, 21–22; *see also, e.g.,* Riverkeeper's Reply in Support of Cross Motion for Summary Judgment (Doc. 40), pp.16–18.)  Similarly, Riverkeeper's attorneys used their knowledge of NEPA—specifically the Corps' NEPA regulation at 33 C.F.R. Pt. 325, Appendix B, Section 7(a)—to explain why draft memoranda that the Corps withheld were not likely to contain attorney work product, but were likely to contain segregable factual information that the Corps should have released.  (*See, e.g.,* Doc. 32, pp.18, 28–30, 34–35; *see also* Johnson Decl., ¶20.)  Specialized knowledge of environmental law, particularly NEPA, was reasonably necessary to successfully litigate this case and provide Riverkeeper with the excellent results it ultimately achieved.  (Winter Decl., ¶21; Johnson Decl., ¶20; Lacy Decl., ¶¶12–13; Jerger Decl., ¶19.)

      Courts have found rates based on attorneys' expertise in environmental law to be reasonable in FOIA cases.  (Becker Decl., ¶25.)  For example, in *Oregon Natural Desert Ass'n v. Locke*, this court awarded Declarant Becker an hourly rate of $315 in 2009 for work on a FOIA case based on Mr. Becker's specialization in environmental law.  No. 05-210-KI, 2010 U.S. Dist. LEXIS 323, at *8 (D. Or. Jan. 5, 2010).  The case before the Court is easily distinguished from

*Audubon Society v. U.S. Natural Resources Conservation Serv.*, a FOIA case where the court did not award rates based on environmental expertise because the "primary issue was one of statutory interpretation . . . ." No. 03:10-CV-01205-HZ, 2012 U.S. Dist. LEXIS 145724, at *9 (D. Or. Oct. 8, 2012).

### 1. Hourly rates for counsel Christopher Winter.

Mr. Winter's requested rates are reasonable compared with market rates for attorneys in the Portland market with comparable skill, experience, and expertise in environmental and administrative litigation in federal court. *Camacho*, 523 F.3d at 979. The rates requested by Mr. Winter are also consistent with the Oregon State Bar Economic Survey ("OSB Survey"). *Cf.* LR 54-3(a) Practice Tip.

In *Currie v. Shaw*, this Court used the 2012 OSB Survey to estimate the rates for "Portland-area attorneys with sixteen to twenty years of experience in 2013 . . . ." No. 3:13-cv-01515-PK, 2014 U.S. Dist. LEXIS 96076, at *15 (D. Or. June 6, 2014). This Court concluded that the estimated median and 75th percentile rates for such attorneys would be $328.10 and $403.26, respectively. *Id*. Mr. Winter's requested 2013 rate, $395, falls below the estimated 75th percentile. This rate is reasonable given Mr. Winter's specialization and expertise in federal environmental litigation. (Jerger Decl., ¶21; Winter Decl., ¶23; Lacy Decl., ¶17.) Mr. Winter's 2014 and 2015 rates, $405 and $415, are reasonably stepped to the 2013 rate to account for inflation and increased costs of living. (Becker Decl., ¶22.) Additionally, while the OSB Survey is an "initial benchmark," *Prison Legal News v. Umatilla Cnty.*, No. 2:12-cv-01101-SU, 2013 U.S. Dist. LEXIS 71104, at *11 (D. Or. May 16, 2013), it does "not encompass the highly specialized practice of federal environmental litigation . . . ." *League of Wilderness Defenders/Blue Mts. Biodiversity Project v. U.S. Forest Serv.* ("*LOWD*"), No. 3:10-cv-01397-SI,

2014 U.S. Dist. LEXIS 96335, at *42–43 (D. Or. July 15, 2014); *see also* Lacy Decl., ¶19; *see also* Becker Decl., ¶24. Thus, reliance on the OSB Survey's median number fails to account for the "skill" and "reputation" of a seasoned environmental litigator like Mr. Winter, *Camacho*, 523 F.3d at 979, and the Court should therefore consider the expert opinions of other experienced environmental litigators who practice regularly in this forum. *See LOWD*, 2014 U.S. Dist. LEXIS 96435, at *42–43; *see also* Lacy Decl., ¶19.

Mr. Winter's rates are comparable to those awarded to similarly experienced environmental litigators by the District of Oregon in recent cases. For instance, this court found that the rate of $395 per hour for work performed in 2013 and 2014 by Declarant Jerger was reasonable. *LOWD*, 2014 U.S. Dist. LEXIS 96435, at *42–43. This is essentially the same rate requested by Mr. Winter. (*See* Winter Decl., ¶23.) Similarly, last year in *Native Fish Soc'y v. Nat'l Marine Fisheries Serv.*, the District of Oregon awarded Declarant Becker, a federal court environmental litigator with 15 years of experience, a rate of $365 per hour for work in 2014. No. 3:12-cv-00431-HA, 2014 U.S. Dist. LEXIS 175280, at *9–10 (D. Or. Dec. 19, 2014); Becker Decl., ¶13. The rates requested by Mr. Winter are consistent with the recent decisions of this forum.

### 2. Hourly rates for counsel Miles Johnson.

The Court should use Portland-based rates to calculate Mr. Johnson's fee award. When determining a reasonable hourly rate, the court looks to "the rate prevailing in the community . . . ." *Camacho*, 523 F.3d at 979. The relevant "community" for the purposes of assessing hourly rates is generally the forum where the district court sits. *Id*. This Court sits in Portland. The case was filed, heard, and decided in Portland, and the documents at issue were all located in the Corps' Portland office. (*See* Riverkeeper's FOIA Request (Doc. 28-1), pp.1–2.)

Courts in the Ninth Circuit routinely award rates based on the market rate for the city where the district court sits. For example, in *Schwarz v. Sec'y of Health & Human Servs.*, the Ninth Circuit upheld the District of Oregon's decision to award fees based on the Portland market rate rather than the rates for New Jersey, where the litigating attorney worked. 73 F.3d 895, 907 (9th Cir. 1995); *see also Sierra Club v. U.S. Environmental Protection Agency*, 625 F. Supp. 2d 863, 867 (N.D. Cal. 2007) (awarding San Francisco rates to an attorney who worked in Laramie on a case filed and resolved in San Francisco); *see also Sierra Club*, 2014 U.S. Dist. LEXIS 169752, at *53–57; *see also Marbled Murrelet v. Pacific Lumber Co.*, No. C-93-1400 LCB, 1995 U.S. Dist. LEXIS 20937, at **8–13 (N.D. Cal. June 19, 1995). Accordingly, Mr. Johnson should recover based on the rates in the Portland legal market.

The rates requested for Mr. Johnson's work are reasonable. (Jerger Decl., ¶¶15, 21; Lacy Decl., ¶¶17–18.) In fact, they are probably below the current Portland market rate for similar services. (Jerger Decl., ¶21.) In *Currie v. Shaw*, this Court used the 2012 OSB Survey to estimate that the median and 75th percentile rates for "Portland-area attorneys with zero to three years of experience in 2013" would be $181.42 and $205.26 respectively. 2014 U.S. Dist. LEXIS 96076, at *17. Mr. Johnson's requested 2013 rate, $200 per hour, falls between the 75th percentile and the median rate. Mr. Johnson's requested 2014 and 2015 rate, $220, is reasonably stepped to his 2013 rate based on inflation and increases in the cost of living. (*See* Becker Decl., ¶23.) Though Mr. Johnson has practiced law for less than three years, Mr. Johnson practices only environmental and administrative law, and he has developed substantial skills and a specialization in those areas. (Becker Decl., ¶27; Lacy Decl., ¶15; Jerger Decl., ¶¶17–18.) The rates requested for Mr. Johnson's work are reasonable, based on the OSB Survey and Mr. Johnson's skill and experience in environmental law.

### B.     Riverkeeper's attorneys spent a reasonable number of hours litigating this case.

Riverkeeper's counsel provide detailed contemporaneous billing records describing the tasks undertaken at each step of this litigation. (Exh. A to Johnson Decl.; Exh. A to Winter Decl.) *See also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (to document their time, attorneys must "simply list[] and identify the general subject matter of [their] time expenditures"). Such properly documented hours are presumptively reasonable. *See Gates v. Gomez*, 60 F.3d 525, 533–34 (9th Cir. 1995). The Court "should defer to the winning lawyer's professional judgment as to how much time he was required to spend . . . ." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "If a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim[3]—even though she may have suffered some adverse rulings." *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991).

The time invested by Riverkeeper's attorneys included: preparing the complaint; working with the Corps to limit the disputed documents; responding to the Corps' clawback motion; briefing summary judgment relating to 341 pages of documents; preparing for and conducting oral argument; moving to enforce the judgment; opposing a motion for stay pending appeal; threatening a motion for contempt when the Corps continued to withhold documents; and negotiating with the Corps to settle Riverkeeper's claim for fees and costs. (*See* Exh. A to Johnson Decl.; *see also* Exh. A to Winter Decl.) The time required to prosecute this case resulted directly from the Corps' decision to withhold documents without a reasonable basis in fact or law and the Corps' subsequent litigation tactics.

---

[3] In FOIA cases, this includes time spent on the administrative appeal. *Oregon Natural Desert Ass'n v. Gutierrez*, 442 F. Supp. 2d 1096, 1100–01 (D. Or. 2006) (citing *Native Village of Quinhagak v. United States*, 307 F.3d 1075, 1083 (9th Cir. 2002)).

Riverkeeper's attorneys have exercised billing judgment by "no charging" for duplicative, clerical, and other time entries.  (Johnson Decl., ¶¶16, 18; Winter Decl., ¶¶24, 26–27.)  *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (attorneys should make "a good faith effort to exclude . . . hours that are excessive, redundant, or otherwise unnecessary").  Riverkeeper also declined to request compensation for time spent by Crag Law Center and Riverkeeper attorneys other than Mr. Johnson and Mr. Winter because of those attorneys' limited involvement in this case.  (Johnson Decl., ¶18; Winter Decl., ¶¶26–27.)  Finally, Riverkeeper limited the hours spent on this litigation by agreeing to eliminate certain documents from dispute (Doc. 32, p.11)—even though the Corps had the evidentiary burden to justify withholding each of those documents.  5 U.S.C. § 552(a)(4)(B).

        **C.**    **Riverkeeper's litigation costs are reasonable.**

Riverkeeper requests $6,097.04 in litigation costs related to the successful prosecution of this case.  (Johnson Decl., ¶22.)  These costs include a $400 dollar filing fee, $131.54 in mailing and travel costs, and $5,565.50 in expert witness fees necessary to substantiate Riverkeeper's fee petition.  (Exh. A to Johnson Decl., p.15.)  *See LOWD*, 2014 U.S. Dist. LEXIS 96335, at *30–31.  These litigation costs are reasonable and similar to costs that would be billed to a paying client.  (Lacy Decl., ¶20; Becker Decl., ¶34.)

## CONCLUSION

For the foregoing reasons, Riverkeeper respectfully requests an award of $126,551.54 in litigation costs and attorneys' fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E).

////

////

////

Respectfully submitted this 9th day of February, 2015.

*s/ Miles B. Johnson*
Miles B. Johnson, OSB No. 125773
(541) 490 - 0497
miles@columbiariverkeeper.org

*s/ Christopher G. Winter*
Christopher G. Winter, OSB No. 984355
(503) 525 - 2725
chris@crag.org

*Attorneys for Plaintiff Columbia Riverkeeper*