Christopher G. Winter, OSB No. 984355
(503) 525 - 2725
chris@crag.org
Crag Law Center
917 SW Oak, Suite 417
Portland, OR 97205

Miles B. Johnson, OSB No. 125773
(541) 490 - 0487
miles@columbiariverkeeper.org
Lauren Goldberg, OSB No. 085678
(541) 965 - 0985
lauren@columbiariverkeeper.org
Columbia Riverkeeper
111 Third St.
Hood River, OR 97031

*Attorneys for Plaintiff Columbia Riverkeeper*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA RIVERKEEPER**, a non-profit Washington corporation,<br>　　Plaintiff,<br><br>v.<br><br>**U.S. ARMY CORPS OF ENGINEERS**, a United States agency,<br>　　Defendant. | Civil No. 3:13−cv−01494−PK<br><br>COLUMBIA RIVERKEEPER'S REPLY IN SUPPORT OF PETITION FOR ATTORNEYS' FEES AND LITIGATION COSTS |

After prevailing in this Freedom of Information Act ("FOIA") litigation, Columbia Riverkeeper ("Riverkeeper") petitions for an award of attorneys' fees and litigation costs as authorized by 5 U.S.C. § 552(a)(4)(E). The U.S. Army Corps of Engineers ("Corps") disputes the amount of fees and costs to which Riverkeeper is entitled. (Corps' Response to Riverkeeper's Fee Petition (Doc. 70), p.2.) Because the hours, rates, and costs that Riverkeeper requests are reasonable, the Court should award Riverkeeper $140,607.04[1] in litigation costs and attorney fees.

> A. **Riverkeeper's attorneys spent a reasonable number of hours litigating this case.**

Riverkeeper spent considerable time researching and responding to each of the Corps' assertions of privilege in 341 pages of information about the Morrow Pacific project. (Riverkeeper's Petition for Attorneys' Fees and Costs (Doc. 63), p.10.) On summary judgment, the Court found for Riverkeeper on nearly every issue. *See Columbia Riverkeeper v. U.S. Army Corps of Eng'rs*, No. 3:13-CV-1494-PK, 2014 U.S. Dist. LEXIS 112778, at *17–32 (D. Or. Aug. 14, 2014). The Corps now complains that Riverkeeper spent too much time building a winning case. (Doc. 70, pp.7–9.) However, courts "should defer to the winning lawyer's professional judgment as to how much time he was required to spend . . . ." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency fee cases [such as this case] in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical . . . case where plaintiff's lawyer engages in churning."); *see also Jo.R v. Garden Grove Unified School Dist.*, 551 Fed. Appx. 902, 904 (9th Cir. 2013) (district court abused its discretion

---

[1] This reflects the $120,414.50 in attorneys' fee and $6,097.04 in costs requested in Riverkeeper's original fee petition, plus $14,095.50 in fees-on-fees incurred preparing the fee petition. *See* p.8, *infra*.

by reducing the number of recoverable hours absent evidence that the work claimed was not actually done). The Court should defer to Riverkeeper's attorneys' judgment about how much time was reasonably necessary to litigate successfully this case.

Additionally, Riverkeeper is entitled to recover for all hours requested in its fee petition because the Corps' response (Doc. 70, pp.7–9) does not meet the Corps' evidentiary burden. In opposing a properly documented fee petition, the government "has a burden of rebuttal that requires *submission of evidence* to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party . . . ." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (emphasis added). The Corps submitted no evidence regarding the reasonableness of the hours in Mr. Winter's and Mr. Johnson's declarations. (*See* Doc. 70, pp.7–9.) In the 21 pages of billing records submitted by Riverkeeper, the Corps failed to identify even one unreasonable time entry. *Id.* Once again, the Corps has not met its burden, and the Court should find that Riverkeeper's properly documented hours are reasonable.

The Corps' reference to *Audubon Soc'y of Portland v. U.S. Natural Resources Conservation Serv.*, No. 03:10-CV-01205-HZ, 2012 U.S. Dist. LEXIS 145724 (D. Or. Oct. 8, 2012), is inapt and unhelpful. Besides being "a FOIA case" (Doc. 70, p.8) where the government illegally withheld records, *Audubon* has nothing in common with this case. Summary judgment in *Audubon* turned, essentially, on whether the definition of "agriculture" in 7 U.S.C. § 8791(b) encompasses forestry. *Audubon Soc'y of Portland v. U.S. Natural Resources Conservation Serv.*, 841 F. Supp. 2d 1182, 1186–88 (D. Or. 2012). There is no indication that the attorneys in *Audubon* parsed through hundreds of pages of partially redacted documents to formulate document-specific responses to multiple over-lapping claims of privilege. *Id.* Given the differences between these two cases, it was entirely reasonable for Riverkeeper's attorneys to

spend substantially more time on this piece of litigation.

      **b.     Mr. Winter's and Mr. Johnson's requested hourly rates, based on their expertise in environmental law, are reasonable.**

Litigating this case required a firm understanding of how the Corps implements the National Environmental Policy Act ("NEPA"). Accordingly, Riverkeeper's attorneys are entitled to hourly rates reflecting their expertise in environmental law. *Cf. Oregon Natural Desert Ass'n v. Gutierrez*, 442 F. Supp. 2d 1096, 1102 (D. Or. 2006) (awarding declarant Lacy an hourly rate in a FOIA case based on Mr. Lacy's environmental law specialization); *cf. also Oregon Natural Desert Ass'n v. Locke*, No. 05-210-KI, 2010 U.S. Dist. LEXIS 323, at *8 (D. Or. Jan. 5, 2010) (same, for declarant Becker).

As explained in Riverkeeper's fee petition and supporting documents, Riverkeeper's representation in this litigation was greatly enhanced by its attorneys' understanding of NEPA. (Doc. 63, p.6; Johnson Declaration in Support of Riverkeeper's Fee Petition (Doc. 64), ¶20; Winter Declaration in Support of Riverkeeper's Fee Petition (Doc. 65), ¶21; Jerger Declaration in Support of Riverkeeper's Fee Petition (Doc. 66), ¶19; Lacy Declaration in Support of Riverkeeper's Fee Petition (Doc. 67), ¶¶12–13.) In response to examples of how Riverkeeper's attorneys utilized their knowledge of environmental law (Doc. 63, p.6), and declarations explaining that such knowledge was necessary in this case (Doc. 66, ¶19; Doc. 67, ¶¶12–13), the Corps provided two paragraphs of unsupported, conclusory argument. (*See* Doc. 70, p.6 (first and third paragraphs).) Accordingly, the Corps failed to rebut a key fact asserted by Riverkeeper—that environmental expertise was necessary to successfully litigate this FOIA case. *See Gates*, 987 F.2d at 1397–98 (The government "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party . . . ."). Because the Corps failed to meet its burden, and

because Riverkeeper's attorneys did in fact rely on their knowledge of NEPA in order to prevail, the Court should award rates based on environmental law expertise.

Notably, the Corps does not contest that the rates sought by Riverkeeper's attorneys are consistent with rates for attorneys of comparable skill, expertise, and experience in federal environmental litigation in the Portland legal market. (*See* Doc. 70, pp.4–7.) Thus, if the Court finds that environmental expertise was reasonably necessary to Riverkeeper's victory, the Court should award Riverkeeper the rates requested in its petition because the Corps has not met its burden to show that any other rate[2] is warranted. *Gates v. Deukmejian*, 987 F.2d at 1397–98. The rates requested by Riverkeeper are more than reasonable based on the OSB Survey, the expert declarations submitted by Riverkeeper, and recent precedent from within the District. (Doc. 63, pp.7, 9.)

      c.     **Riverkeeper may recover for time spent opposing the Corps' clawback motion.**

Riverkeeper is entitled to compensation for time spent opposing the Corps' clawback motion. Before summary judgment, the Corps inadvertently released, and subsequently sought return of, a "live" Microsoft excel spreadsheet. (Order Granting Corps' Clawback Motion (Doc. 22), p.4.) The Corps asserts that Riverkeeper's access to the document "would not have affected the outcome of the case." (Doc. 70, p.10.) Actually, facts in that document *were* important to Riverkeeper, and Riverkeeper would not have opposed the clawback motion had the document not been relevant to the substantive information sought in Riverkeeper's FOIA request.

Riverkeeper is entitled to recover for all hours reasonably expended in this litigation,

---

[2] The Corps' suggested $259 per hour rate for Mr. Winter (Doc. 70, pp.6–7) ignores this Court's detailed discussion in *Currie v. Shaw*, which specifically determined that the appropriate median rate for a Portland attorney with 16–20 years of experience in 2013 should be $328.10 per hour. No. 3:13-cv-01515-PK, 2014 U.S. Dist. LEXIS 96076, at *15 (D. Or. June 6, 2014).

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), including those spent opposing the clawback motion. The Corps provides no support for its incorrect argument that Riverkeeper may not recover for time spent litigating a motion that it lost on the road to eventual victory. (Doc. 70, pp.9–11.) Courts analyze fee "request[s] at the claims level and not the individual motion level." *Oregon Natural Desert Ass'n v. Gutierrez*, 442 F. Supp. 2d 1096, 1101 (D. Or. 2006) *affirmed in part and overruled on other grounds by Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009). Indeed, the Ninth Circuit has instructed that "[i]f a plaintiff ultimately wins on a particular claim, she is entitled to all attorney's fees reasonably expended in pursuing that claim—even though she may have suffered some adverse rulings." *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). The Ninth Circuit continued:

> Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war. Lawsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning.

*Id.* Though Riverkeeper lost the clawback motion, Riverkeeper achieved excellent results overall and should therefore "recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.

### d. The Court should award Riverkeeper litigation costs for its expert fee declarations.

The Court should award Riverkeeper $5,565.50 in litigation costs for declarations necessary to substantiate Riverkeeper's fee petition. (Exhibit A to Johnson Declaration in Support of Riverkeeper's Fee Petition (Doc. 64-1), p.15.) Riverkeeper's three[3] expert fee declarants spent substantial time reviewing this Court's docket, pertinent case law, and the OSB Survey in order to provide evidence supporting Riverkeeper's fee petition. (*See* Becker

---

[3] The Corps erroneously asserts that Riverkeeper seeks $3,947 in compensation for two expert fee declarations. (*See* Doc. 70, pp.4, 11.) Riverkeeper's petition and supporting documents clearly explain that Riverkeeper seeks $5,565.50 in costs related to *three* expert declarations of Mr. Jerger, Mr. Becker, and Mr. Lacy. (Doc. 63, pp.2, 5, 11; Doc. 64-1, p.15.)

Declaration in Support of Riverkeeper's Fee Petition (Doc. 68); *see also* Doc. 67; *see also* Doc. 66.) The Corps does not contest the reasonableness of the hours or rates claimed by Riverkeeper's expert fee declarants, nor does the Corps claim that the declarations were duplicative. (Doc. 70, p.11.) The Corps *only* argues that expert fee declarant costs are *per se* not reasonable litigation costs. *Id.*

Courts in the District of Oregon have awarded costs for expert fee declarations in similar circumstances. In *League of Wilderness Defenders/Blue Mts. Biodiversity Project v. U.S. Forest Serv.* ("*LOWD*"), the court awarded an environmental plaintiff litigation costs related to three expert fee declarations. No. 3:10-cv-01397-SI, 2014 U.S. Dist. LEXIS 96335, at *30–31 (D. Or. July 15, 2014). The *LOWD* court held three expert fee declarations were "not excessive" because the plaintiff "had the burden of showing that the requested time was reasonable and necessarily incurred, that the special skills of the attorneys were necessary to the litigation, and that the hourly rates were reasonable," and because the plaintiff "knew that the United States intended to (and it did) dispute both the number of hours billed and the requested hourly rates . . . ." *Id*. Similarly, in *Oregon Natural Res. Council Fund v. Goodman*, the plaintiff received costs for three declarations containing "expert opinion on the reasonableness of the hours billed and the rates requested, as well as the skills and reputation of . . . counsel for Plaintiffs." No. 05-3004-PA, 2008 U.S. Dist. LEXIS 66613, at *23 (D. Or. Aug. 25, 2008). The court held that "obtaining three opinions was not excessive" given that "the government was contesting many aspects [of the fee petition,] including the hourly rates . . . ." *Id.* at *24. *Audubon Soc'y of Portland v. U.S. Natural Resources Conservation Serv.* does not help the Corps. 2012 U.S. Dist. LEXIS 145724, at *4. The *Audubon* decision contains no justification for refusing to award costs for a fee declaration, and notes that the fee declaration in question—one of six filed by the

plaintiff in that case—was duplicative. *Id*. Given the Corps' opposition to the hours and rates Riverkeeper seeks, this Court should follow the reasoning of *LOWD* and *Oregon Natural Res. Council Fund* and award Riverkeeper costs for the three expert fee declarations necessary to substantiate Riverkeeper's fee petition.

   **5.   Fees on fees.**

Riverkeeper may recover fees for time spent preparing and litigating this petition. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 162 (1990); *see also Thompson v. Gomez*, 45 F.3d 1365, 1367–68 (9th Cir. 1995). As promised in Riverkeeper's fee petition (Doc. 63, p.5, n.2), Riverkeeper now submits additional declarations and time logs from Mr. Winter and Mr. Jonson documenting the hours spent preparing this fee petition. (*See* Exh. A to Second Johnson Declaration in Support of Riverkeeper's Fee Petition; *see also* Exh. A to Second Winter Declaration in Support of Riverkeeper's Fee Petition.) Riverkeeper's attorneys spent 57.5 hours preparing the fee petition, and Riverkeeper requests an additional $14,095.50 for that work. *Id*.

## CONCLUSION

Riverkeeper respectfully requests a total award of $140,607.04 in litigation costs and attorneys' fees pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E).

Respectfully submitted this 14th day of March, 2015.

   *s/ Miles B. Johnson*
   Miles B. Johnson, OSB No. 125773
   (541) 490 - 0497
   miles@columbiariverkeeper.org

   *s/ Christopher G. Winter*
   Christopher G. Winter, OSB No. 984355
   (503) 525 - 2725
   chris@crag.org

   *Attorneys for Plaintiff Columbia Riverkeeper*