IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLUMBIA RIVERKEEPER, a non-profit Washington corporation,

Plaintiff,

v.

U.S. ARMY CORPS OF ENGINEERS, a United States agency,

Defendant.

Case No. 3:13-cv-01494-PK
OPINION AND ORDER

---

Christopher G. Winter
Crag Law Center
917 SW Oak, Suite 417
Portland, Oregon 97205

Miles B. Johnson
Lauren Goldberg
Columbia Riverkeeper
111 Third Street
Hood River, Oregon 97031
Attorneys for plaintiff

Billy J. Williams
Kevin Danielson
United States Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, Oregon
Attorneys for defendant

PAPAK, United States Magistrate Judge:

The matter before the Court is plaintiff Columbia Riverkeeper's ("CRK") motion for attorney fees and litigation costs (# 63). For the reasons set forth below, CRK's motion is granted in part and denied in part, in that CRK is awarded attorney fees in the reduced amount of $86,878.04 and litigation costs in the reduced sum of $2,411.54.

## BACKGROUND

On August 26, 2013, CRK initiated this lawsuit to compel the production of ninety-one documents defendant the United States Army Corps of Engineers ("Corps") claimed were exempt from disclosure under the Freedom of Information Act ("FOIA"). On August 14, 2014, this Court partially granted CRK's motion for summary judgment and ordered the Corps to produce all but one of the disputed documents. Opinion and Order, # 41. On February 9, 2015, CRK filed the instant motion pursuant to 5 U.S.C. § 552(a)(4)(E) and Local Rule 54-1, requesting $120,414.50 in attorney fees and $6,097.04 in litigation costs. Motion for Attorney Fees and Litigation Costs, # 63, at 2. In its subsequent reply brief, CRK requested an additional $14,095.50 for preparation of its fee petition, bringing the total requested attorney fees to $134,510. Reply to Motion for Attorney Fees and Litigation Costs, # 71, at 8.

## STANDARD

The prevailing party in an FOIA action must demonstrate that it is both eligible for and entitled to attorney fees in order to receive such an award. Long v. U.S. Internal Revenue Serv.., 932 F.2d 1309, 1313 (9th Cir. 1991) (citation omitted). Once these elements are established, the prevailing party "must submit [a] fee bill to the court for its scrutiny of [its] reasonableness." Id. at 1313-14 (citations omitted). In evaluating a reasonable attorney fee, the court multiplies "the number of hours the prevailing party reasonably expended on litigation by a reasonable hourly

rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996) (as amended) (discussing the lodestar method). The lodestar amount is presumptively reasonable but a court may make adjustments based on a number of factors. See Kerr v. Screen Guild Extras, Inc., 526 F.2d. 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) (outlining twelve factors to be considered by the court when adjusting the lodestar amount).

The district court is required to ensure an award's reasonableness, regardless of whether the opposing party objected to it. Gates v. Deukmejian, 987 F.2d 1392, 1400-02 (9th Cir. 1992). The court also possesses "considerable discretion . . . in determining what attorney's fee is reasonable." Webb v. Ada Cnty., Idaho, 195 F.3d 524, 526-27 (9th Cir. 1999), cert. denied, 537 U.S. 948 (2002). Accordingly, "the reasonable fee, as calculated by the district court, may fall short of the actual fee that the . . . lawyer charges." Corder v. Gates, 947 F.2d 374, 378 n.3 (9th Cir. 1991) (citation and internal quotations omitted).

## DISCUSSION

It is undisputed that CRK is both eligible for and entitled to an award of attorney fees due to the fact that it substantially prevailed on its FOIA claims. 5 U.S.C. § 552(a)(4)(E); Response to Motion for Attorney Fees and Litigation Costs, # 70, at 2. Thus, the sole issue before the Court is whether the rates and number of hours requested by CRK are reasonable.

### I. Reasonableness of the Requested Hourly Rates

CRK seeks the following hourly rates for work performed by attorney Christopher G. Winter, who passed the bar in 1998: $395 for his 2013 work, $405 for his 2014 work, and $415 for his 2015 work. Motion for Attorney Fees and Litigation Costs, # 63, at 7. For attorney Miles B. Johnson, who passed the bar in 2012, CRK requests the following hourly rates: $200 for his 2013 work and $220 for his 2014-15 work. Id. at 9.

In determining a reasonable hourly rate, the district court looks to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of L.A., 796 F.2d 1205, 1210-11 (9th Cir. 1986). "The general rule is that the relevant community for purposes of the prevailing rate is the forum in which the district court sits." Prison Legal News v. Umatilla Cnty., 2013 WL 2156471, *5 (D. Or. May 16, 2013) (citations omitted). "This District considers the most recent Oregon State Bar Economic Survey ('OSB Survey') as its 'initial benchmark' in determining whether hourly billing rates are reasonable." Id. at *4 (citations omitted). "If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate." Id.

Initially, both CRK attorneys compare their requested rates to those in the Portland legal community and the Corps does not dispute the use of this benchmark. Furthermore, Winter's office is located in Portland. Thus, although Johnson's office is located in Hood River, Oregon, the Court uses Portland as the relevant community for determining the prevailing market rate.

A. Rates for Attorney Winter

The hourly rates requested by CRK for Winter are higher than average for an attorney with a commensurate level of experience.[1] CRK justifies Winter's increased hourly rate by pointing to his expertise in environmental law. Declaration of Christopher G. Winter, # 65, ¶ 23.

The Corps does not dispute Winter's specialized knowledge of environmental law but rather argues that those skills were unnecessary to successfully litigate this FOIA case, such that Winter should only be awarded the median rate for an attorney with his level of experience. Response to Motion for Attorney Fees and Litigation Costs, # 70, at 6. Specifically, the Corps

---

[1] According to the most recent OSB Survey, the average rate for a Portland attorney with 16-20 years of experience is $256 per hour. 2012 OSB Survey, at 30. The average rate for an attorney specializing in environmental law is $332 per hour. Id. at 32.

asserts that a limited discussion of the National Environmental Policy Act ("NEPA") – i.e. two paragraphs in the Corps' motion for summary judgment and three paragraphs in CRK's cross-motion for summary judgment – is evidence that this lawsuit did not require environmental expertise. Id. The Corps argument, however, fails to acknowledge that NEPA is discussed throughout both parties' briefings. See, e.g., Motion for Summary Judgment, # 27, at 6, 10-13; Cross Motion for Summary Judgment and Response, # 32, at 17-37. Further, CRK explained that Winter's special knowledge of environmental law, and NEPA in particular, was necessary to justify why the documents at issue did not fall under the various privileges asserted by the Corps. Motion for Attorney Fees and Litigation Costs, #63, at 6.

The Court finds that Winter's specialized knowledge of environmental law contributed to the results achieved by CRK in this FOIA action. As such, Winter is entitled to an increased hourly rate. Indeed, adjusted for inflation,[2] the rates requested by Winter fall below the 75th percentile in most instances and are reasonable for an environmental attorney of his caliber. Declaration of Christopher G. Winter, #65, ¶¶ 5-17; Declaration of David H. Becker, # 68, ¶ 26; 2012 OSB Survey, at 32. Accordingly, Winter is awarded his requested hourly rates.

B. Rates for Attorney Johnson

Johnson also requests rates that are higher than average for an attorney with his experience.[3] As with Winter, CRK justifies these increased rates by pointing to Johnson's expertise in environmental law. Declaration of Miles B. Johnson, # 64, ¶ 19. However, Johnson had only been practicing as an attorney for seven months when he began working on this case.

---

[2] All adjustments for inflation were made using the Bureau of Labor Statistics CPI Inflation Calculator, available at http://www.bls.gov/data/inflation_calculator.htm.

[3] The average rate for a Portland attorney with 0-3 years of experience is $182 per hour. 2012 OSB Survey, at 29.

See Declaration of Miles B. Johnson, Exhibit A, # 64-1. Despite CRK's attestations to Johnson's competency, the Court finds his requested rates – which exceed the 75th percentile in most instances – unreasonable based on his status as a new attorney and, as discussed in greater detail below, the fact that Winter appeared to be lead counsel in this litigation. Declaration of David H. Becker, # 68, ¶ 27; 2012 OSB Survey, at 29. The Court also notes that Johnson is being compensated using Portland as the relevant legal community, despite working in Hood River where the average hourly rate is lower. 2012 OSB Survey, at 29. For these reasons, the Court finds the average hourly rate from the 2012 OSB Survey, adjusted for inflation, to be reasonable. Johnson is therefore awarded $188.49 per hour for work performed in 2013, $191.55 per hour for work performed in 2014, and $189.92 per hour for work performed in 2015.

**II. Reasonableness of Hours Requested**

CRK seeks compensation for a total of 525.9 hours of work. Specifically, CRK requests payment for the following time spent by Johnson: 352.4 hours pursuing the FOIA claims and 64.7 hours pursuing the fee petition. For work performed by Winter, CRK seeks compensation for 97.8 hours pursuing the FOIA claims and 11 hours pursuing the fee petition.

A. Hours Requested for FOIA Claims

CRK seeks compensation for a total of 450.2 hours of work during the FOIA litigation, including 95.1 hours for opposing the Corps' motion for protective order. While the district court has a great deal of discretion when determining the reasonableness of the hours requested by the prevailing party, it must give "some indication as to how it arrived at the amount of compensable hours for which fees were rewarded." Deukmejian, 987 F.2d at 1398 (citations omitted). The court may exclude excessive or redundant hours that could not reasonably be billed to a private client. Gonzalez v. City of Maywood, 729 F.3d 1196, 1203 (9th Cir. 2013) (citation omitted).

Further, the court is permitted to make across-the-board or percentage cuts to the requested hours so long as it provides a reasonable explanation for doing so. Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1150 (9th Cir. 2001).

In support of the reasonableness of its requested hours, CRK notes the intensive document review process that was required in this case. Motion for Attorney Fees and Litigation Costs, # 63, at 10. CRK also maintains that its attorneys exercised sound billing judgment by excluding hours for duplicative, clerical, and other non-compensable tasks (totaling 15.1 hours) and work performed by other attorneys who were briefly associated with the case (totaling 16.5 hours). Id. at 11.

The Corps challenges the number of hours requested by CRK as excessive and requests the Court reduce the hours in a similar fashion to Audubon Soc. of Portland v. U.S. Natural Res. Conservation Serv., 2012 WL 4829189 (D. Or. Oct. 8, 2012). Response to Motion for Attorney Fees and Litigation Costs, # 70, at 7-9. Further, the Corps asserts CRK is not entitled to compensation for time spent on unsuccessfully opposing its motion for protective order. Id. at 9-11.

"Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Hensley v. Eckerhart, 461 U.S. 424, 440 (1983). On the other hand, "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded." Id. The test for whether a claim is related "is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the

injury on which the relief granted is premised." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 903 (9th Cir. 1995) (citations and internal quotations omitted).

The Court finds that the Corp's motion for protective order, and, by extension, CRK's opposition brief, was unrelated to the FOIA claims CRK was ultimately successful on. The issue in relation to the protective order was whether a document, which had been inadvertently produced by the Corps in response to CRK's FOIA request, was attorney work product. See generally Memorandum in Support of Motion for a Protective Order, # 15; Response in Opposition to Motion for Protective Order, # 19. Thus, the course of conduct that gave rise to the motion for protective order – i.e. the Corps' inadvertent disclosure – was entirely distinct and separate from the conduct that gave rise to CRK's FOIA claims – i.e. the deliberate withholding of documents. See Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001) ("[h]ours expended on unrelated, unsuccessful claims should not be included in an award of fees"). CRK's opposition of the Corps' protective motion also did nothing to contribute to the success of its FOIA claims. See Cabrales v. Cnty. of L.A., 935 F.2d 1050, 1052 (9th Cir. 1991) ("even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims"). Further, the Corps prevailed on its motion for protective order; awarding CRK fees associated with its unsuccessful opposition of that motion would turn "the presumption that attorney fees should be awarded to a party who was granted a protective order . . . on its head." Response to Motion for Attorney Fees and Litigation Costs, # 70, at 10; see generally Bark v. Northrop, 300 F.R.D. 486 (2014) (awarding attorney fees to the defendant and defendant-intervenor in an environmental lawsuit after granting their motion for protection). Accordingly, the hours spent opposing the motion for protective order, which were

accrued in 2014, will not be included in CRK's award. The requested hours are reduced by the following amounts: Johnson – 73.2; Winter – 21.9 hours.

After reviewing the billing records, the Court finds the remaining number of hours expended by Winter to be largely reasonable given the nature of the case and the excellent results achieved. Nevertheless, on a number of occasions Winter billed more time than Johnson for a joint phone call between the two.[4] As such, the Court reduces Winter's requested time for 2013 by 1.3 hours, representing the difference between the time billed by Winter and the time billed by Johnson for the same calls.

Finally, the Court finds Johnson's hours to be excessive. The following are examples of Johnson's requested hours corresponding to particular documents filed in this case: Complaint (# 1) – 27.8 hours; Cross Motion for Summary Judgment (# 32) – 106.6 hours; Reply to Defendant's Response to Cross Motion for Summary Judgment (# 40) – 41.4 hours; Response in Opposition to Motion to Stay (# 47) – 28.1 hours. The manifold hours spent by Johnson are likely a symptom of his self-education as a relatively new attorney and are unreasonable, especially because Johnson was assisted by Winter throughout the case and Winter likewise expended a significant number of hours preparing the aforementioned documents. The Court exercises its discretion to apply a ten percent cut to Johnson's requested FOIA hours (excluding those already deducted in relation to the protective order), resulting in the following reductions: 2013 – 5.9 hours; 2014 – 22.1 hours.

---

[4] The below dates are instances in which Winter billed more time than Johnson for the same phone call: 10/26/2013 – Winter billed 0.4 hours while Johnson billed 0.2 hours; 1/31/2014 – Winter billed 0.3 hours while Johnson billed 0.1 hours; on 2/3/2014 – Winter billed 0.6 hours while Johnson billed 0.4 hours; 5/7/2014 – Winter billed 0.3 hours while Johnson billed 0.1 hours; 5/27/2014 – Winter billed 0.3 hours while Johnson billed 0.1 hours; 10/17/2014 – Winter billed 0.3 hours while Johnson billed 0.1 hours. Declaration of Miles B. Johnson, Exhibit A, # 64-1; Declaration of Christopher G. Winter, Exhibit A, # 65-1.

B. Hours for Fee Litigation

CRK also seeks compensation for a total of 75.7 hours generated in conjunction with its motion for attorney fees and litigation costs. A plaintiff that substantially prevails in an FOIA action may recover fees for time reasonably spent preparing its fee petition, or "fees-on-fees." Or. Natural Desert Ass'n v. Gutierrez, 442 F.Supp.2d 1096, 1102 (D. Or. 2006), aff'd in part, rev'd in part sub nom., 572 F.3d 610 (9th Cir. 2009).

After a review of the billing entries related to fees-on-fees, the Court finds the 11 hours requested by Winter to be reasonable. However, the 64.7 hours requested for work done by Johnson is excessive. The Court acknowledges that it takes time to prepare a motion for attorney fees; however, the instant motion and declarations in support were standard attorney fee request documents. See generally Motion for Attorney Fees and Litigation Costs, # 63. Further, CRK's reply brief, while more nuanced, contains no novel arguments or substantial legal analysis. See generally Reply to Motion for Attorney Fees and Litigation Costs, # 71. Recognizing that Johnson drafted the majority of these documents, the Court finds it reasonable to award him double the amount of Winter's reasonable hours. Accordingly, Johnson is awarded 22 hours for the 2015 work he performed preparing CRK's fee petition.

In sum, after taking the above-listed deductions, the Court awards CRK $86,878.04 in attorney fees.[5] In arriving at this sum, the Court considered the pertinent factors outlined in Kerr and finds that no further adjustments are necessary.

[5] Johnson's total = $52,187.04 (2013 - $189.49 per hour x 52.7 hours = $9,986.12; 2014 - $191.55 per hour x 198.5 hours = $38,022.68; 2015 - $189.92 per hour x 22 hours = $4,178.24). Winter's total = $34,691 (2013 - $395 per hour x 8.2 hours = $3,239; 2014 - $405 per hour x 66.9 hours = $27,094.50; 2015 - $415 per hour x 10.5 hours = $4,357.50).

**III. Litigation Costs**

CRK requests a total of $6,097.04 in litigation costs, which are comprised of a $400 filing fee, $131.54 in mailing and travel costs, and $5,565.50 in witness fees arising out of three expert attorney declarations. Motion for Attorney Fees and Litigation Costs, # 63, at 11.

A district court is permitted to award reasonable litigation costs to a substantially prevailing plaintiff in an FOIA action. 5 U.S.C. 552(a)(4)(E)(i). Expenses for expert attorney declarations are among the types of litigation costs that may be awarded. Or. Natural Res. Council Fund v. Goodman, 2008 WL 4000442, *7 (D. Or. Aug. 25, 2008).

The Corps does not contest the filing fee or mail and travel costs but does object to any award for expert witness fees. Response to Motion for Attorney Fees and Litigation Costs, # 70, at 11. Fees for expert attorney declarations may be denied if they are incurred performing duplicative work. See Audubon, 2012 WL 4829189 at *2 (declining to award fees for an expert's declaration because it was largely duplicative of other information before the court). Here, all three expert attorneys declarations attest to the reasonableness of CRK's requested fees. See Declaration of R. Scott Jerger, # 66; Declaration of Peter M. Lacy, # 67; Declaration of David H. Becker, # 68. Of the three declarations, David Becker's was the most detailed and well-reasoned. As such, Becker's expert declaration provided the Court with some guidance during its review of the materials submitted in this case. The declarations of Peter Lacy and Scott Jerger were largely duplicative of Becker's declaration and provided little additional useful information. Lacy's and Jerger's declarations were also duplicative of Winter's and Johnson's declarations. Accordingly, the fees requested for Lacy's and Jerger's declarations are denied. Therefore, CRK is awarded a total of $2,411.54 in litigation costs ($1,880 in expenses related to Becker's declaration, $400 in filing fees, and $131.54 in mailing and travel costs).

**CONCLUSION**

CRK's Motion for Attorney Fees and Litigation Costs (# 63) is GRANTED, in part, and DENIED, in part, and CRK is awarded a total of $89,289.58 in attorney fees and litigation costs.

IT IS SO ORDERD.

Dated this 5th of May, 2015.

Paul Papak
United States Magistrate Judge